■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST PAGE, Appellant.— Appeal by defendant from an order of the Supreme Court, Orange County, dated June 16, 1960, denying, after a hearing, his *coram nobis* application to vacate a judgment of said court rendered May 17, 1930, convicting him, on his plea of guilty, of burglary in the third degree and petit larceny. Order affirmed. There was no direct, affirmative testimony to contradict the defendant's testimony that he was not advised of his right to counsel. With respect to one accused of crime who was not represented by counsel, the then court Clerk's testimony was to the effect that it was always the court's procedure to inquire of such accused person whether he desired the court to assign an attorney to represent him. Upon consent, an affidavit of the then District Attorney was received in evidence which in substance corroborated the testimony of the court Clerk as to the procedure then adopted. After hearing the evidence, the court refused to consider as credible the defendant's contention that he was not afforded an opportunity to have counsel and found that he had not sustained the burden of proof of establishing that he was deprived of his rights. Considering the frailties of memory; the absence, in and about the year 1930, of written records as to whether a defendant was advised of his right to counsel; the length of time between 1930 and the time when the *coram nobis* application was made; the testimony as to the court's general procedure in and about that year; and the interests of the defendant, the trier of the facts was justified in refusing to credit his testimony even though it was not directly contradicted (see, e.g., *People* v. *Chait,* 7 A D 2d 399, affd. 6 N Y 2d 855; *People ex rel. Kruger* v. *Hunt,* 257 App. Div. 917; *People* v. *Lensky,* 1 A D 2d 831). The court was not required to vacate the conviction of long standing on the basis of the defendant's unsubstantiated testimony. Basic policy consideration requires much stronger evidence than was presented in the proceeding at bar before a conviction of such long standing is vacated (*People* v. *Chait, supra*). Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ BEN SCHIPPMAN et al., Respondents, v. NICHOLAS RIZZO, Doing Business as A & S AUTO SALES, et al., Defendants, and MINNIE STERN et al., Appellants.— In an action to recover damages for personal injuries, defendants Stern and Lorber appeal from an order of the Supreme Court, Kings County, dated August 23, 1960, which in effect opens plaintiffs' default in serving a bill of particulars within the time prescribed in a prior preclusion order of said court, entered by consent, on March 18, 1958. Under said prior order, plaintiffs were precluded from offering evidence upon the trial with respect to matters · as to which a bill of particulars had been demanded, unless plaintiffs served the bill within 30 days after service of a copy of the order with notice of entry. A bill of particulars served on or about May 19, 1958, was rejected as untimely by said defendants Stern and Lorber. Order, dated August 23, 1960, reversed, with $10 costs and disbursements, and motion denied, with $10 costs, without prejudice to renewal upon proper affidavits reciting facts showing a reasonable excuse for the delay in serving the bill of particulars, and showing merit in plaintiffs' alleged causes of action against said defendants. The papers do not furnish an adequate basis for the exercise of the court's discretion in opening plaintiffs' default under the preclusion order. Nor is there an affidavit showing the merits of plaintiffs' causes of action. Where an attorney seeks the favor of the court, he should at least observe the applicable rules of practice (*Parmett* v. *Concord Hotel,* 9 A D 2d 767). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.